OPINION OF THE COURT
Peter Tom, J.
Defendants move, inter alia, for an order dismissing the *242 amended complaint on the ground that it fails to state a cause of action under the Racketeer Influenced and Corrupt Organizations Act (18 USC §§ 1961-1968 [RICO]).
Plaintiff accuses defendant Alfred Polizzotto, acting in concert with the other defendants, of converting the assets of plaintiff and the assets of the estate of Irwin Lichtenstein for his personal use and benefit.
Alfred Polizzotto was the attorney for plaintiff Arlene Lichtenstein and her late husband, Irwin Lichtenstein, who died in December 1984. The Lichtensteins were also close friends of Alfred Polizzotto and confided in his judgment. During the early part of 1982, the Lichtensteins entrusted Alfred Polizzotto with the sum of $255,000 for investment purposes. Plaintiff alleges that Alfred Polizzotto represented and warranted that they would receive a return of 18% on the principal sum of money and a 50% interest in any mortgage investments or any acquired real properties.
Plaintiff alleges that from 1982 to 1987 Alfred Polizzotto together with the other defendants participated in a scheme to defraud plaintiff and the estate of her late husband which included: drawing checks and endorsing plaintiff’s name on checks without plaintiff’s knowledge or consent; issuing checks to plaintiff and directing checks payable to Alfred Polizzotto; and using the funds to acquire business interests and title to real properties in the name of Alfred Polizzotto and other defendants for the sole benefit of Alfred Polizzotto.
Plaintiff brings the instant action under the Federal RICO statute asserting that by reason of defendants’ pattern of racketeering activity in violation of 18 USC § 1961 et seq., plaintiff has been injured in her business and property and seeks treble damages including reasonable attorney’s fees under 18 USC § 1964 (c).
RICO was enacted as part of the Organized Crime Control Act of 1970. The statute as amended provides for both criminal and civil sanctions against violators. The statute permits civil action for damages, and 18 USC § 1964 (c) states in pertinent part that, "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor * * * and shall recover threefold the damages he sustained and the costs of the suit, including a reasonable attorney’s fee.”
18 USC § 1962 prohibits the use or investment of income from a "pattern of racketeering activity,” (1) to acquire an *243 interest in or to establish or operate an enterprise engaged in or affecting interstate commerce (§ 1962 [a]); or (2) to acquire or maintain an interest in such an enterprise through a pattern of racketeering activity (§ 1962 [b]); or (3) to conduct or participate in the conducting of such an enterprise through a pattern of racketeering activity (§ 1962 [c]); or (4) to conspire to violate any of the first three foregoing subdivisions of section 1962 (§ 1962 [d]).
Under 18 USC § 1961 (5), a "pattern of racketeering activity” requires at least the commission of two racketeering activities, and section 1961 (1) enumerates the different predicate offenses which constitute racketeering activity. They include mail fraud, wire fraud and numerous Federal and State law felonies.
State courts have concurrent jurisdiction with Federal courts to hear civil RICO claims. (Tafflin v Levitt, 493 US 455 [1990]; Simpson Elec. Corp. v Leucadia, Inc., 72 NY2d 450 [1988].)
Before applying RICO to the facts of this case, a background and history of the statute should first be analyzed in order to better appreciate the application of this somewhat complex statute to fraud claims.
Congress in enacting RICO focused primarily on eradicating organized crime but did not limit the application of the RICO statute only to organized crime. The application of RICO was intended to reach both legitimate and illegitimate enterprises regardless of organized crime involvement. (See, Sedima, S. P. R. L. v Imrex Co., 473 US 479.) The Supreme Court held in H. J. Inc. v Northwestern Bell Tel. Co. (492 US 229, 249 [1989] ): "We thus decline the invitation to invent a rule that RICO’s pattern of racketeering concept requires an allegation and proof of an organized crime nexus.” Since RICO includes Federal mail and wire fraud as predicate offenses, the use of the mails and wire communications in furtherance of a scheme to defraud can easily place a violator of common-law fraud into the RICO statute subjecting him to sanctions of treble damages and attorney’s fees. Each use of the mails or wire communications under the statute is a separate violation, even if there is only one scheme to defraud. These aspects of the statute invited different "garden variety” fraud claims to be brought under RICO.
Congress with the intent of giving RICO expansive application did not define the key phrase "pattern of racketeering *244 activity” in the statute in order to give the word "pattern” a more flexible concept. The absence of such definition has created a plethora of legal views in the Federal courts as to the requirement of a "pattern of racketeering activity” under RICO. (Beauford v Helmsley, 843 F2d 103 [2d Cir]; Condict v Condict, 826 F2d 923 [10th Cir]; Sedima, S. P. R. L. v Imrex Co., 741 F2d 482 [2d Cir], revd 473 US 479, supra; Schreiber Distrib. Co. v Serv-Well Furniture Co., 806 F2d 1393 [9th Cir]; Holmberg v Morrisette, 800 F2d 205 [8th Cir], cert denied 481 US 1028; Moss v Morgan Stanley, Inc., 719 F2d 5 [2d Cir]; Superior Oil Co. v Fulmer, 785 F2d 252 [8th Cir]; United States v Jennings, 842 F2d 159; Furman v Cirrito, 828 F2d 898.)
The discord as to what elements constitute a RICO "pattern” continued until 1989 when the United States Supreme Court in H. J. Inc. v Northwestern Bell Tel. Co. (supra) enunciated guidelines for a RICO "pattern”.
The Supreme Court in the H. J. Inc. case, (supra) held that even though the statute states that a RICO "pattern” requires the commission of at least two predicate offenses, such showing without more is insufficient to meet the requirement of "pattern” under RICO. The Supreme Court found that Congress had a more stringent requirement for RICO’s pattern elements in mind than simply commission of two predicate offenses within a single scheme, and stated, " 'that while two acts are necessary, they may not be sufficient’ ” (supra, 492 US, at 237, quoting Sedima, S. P. R. L. v Imrex Co., supra).
The Supreme Court in interpreting RICO found that Congress was primarily concerned with long-term criminal conduct in the enactment of the statute. The Supreme Court then elaborated that for a plaintiff to prove a RICO "pattern” he must show that the commission of the predicate offenses is related in furtherance of a common scheme, and that such predicate acts either constitute or threaten long-term criminal activity. The Supreme Court held, " 'It is this factor of continuity plus relationship which combines to produce a pattern.’ ” (H. J. Inc. v Northwestern Bell Tel. Co., supra, at 239.)
The relationship of predicate acts is a simpler concept of the two.
The relatedness requirement is the relationship of the criminal offenses committed by defendant and such " 'criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or *245 methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.’ ” (H. J. Inc. v Northwestern Bell Tel. Co., 492 US, at 240.) A "pattern” cannot be formed by the commission of isolated and sporadic criminal offenses (supra, 492 US, at 239; Airlines Reporting Corp. v Aero Voyagers, 721 F Supp 579 [SD NY 1989]).
Once plaintiff has proven the relatedness requirement, he must then prove "continuity of racketeering activity”, or its threat to meet the RICO "pattern” requirement.
The concept of "continuity of racketeering activity” or its threat can be proven under two pronounced concepts of the Supreme Court.
The Supreme Court states that the term "continuity of racketeering activity” is "both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.” (H. J. Inc. v Northwestern Bell Tel. Co., supra, at 241.)
Under the "closed period of conduct” concept of continuity, a party must prove a series of related predicate acts committed over a substantial period of time.
To prove an open-ended concept of "continuity”, the party must show that the related predicate acts by their very nature create a distinct threat of repeated racketeering conduct in the future.
Whether the predicate acts meet the requirement of continuity of racketeering activity or its threat depend upon the presented facts of each case.
In the instant case, plaintiff alleges in the complaint that from 1982 to 1987, the defendants through the mail and by wire communications transmitted materials and information in furtherance of the scheme to defraud plaintiff and her deceased husband.
Plaintiff’s allegation of multiple violations of mail and wire fraud by defendants for a period of five years in furtherance of a single scheme to defraud may satisfy the "closed period of conduct” rule of continuity of racketeering activity, since a five-year period would appear to be a substantial period as required by the statute.
The requirement of RICO "pattern” as set forth by the Supreme Court requires continuity plus relationship. As to relatedness of predicate acts, plaintiff has failed to identify *246 any specific act of mail or wire fraud committed by defendants.
A party who seeks to bring a civil action under RICO must set forth in the complaint the predicate offenses with reasonable specificity in order for the court to identify the predicate acts and be able to determine their relationship from one to another.
The failure of plaintiff to set forth in the complaint as to approximately when the predicate acts were committed; the parties involved in the mail or wire communications; and the substance of the materials and communications transmitted in furtherance of the scheme to defraud, renders the complaint defective. (See, Qantel Corp. v Niemuller, 771 F Supp 1361 [SD NY].) The court cannot determine whether the predicate offenses allegedly committed by defendants are related, or are isolated and sporadic acts based on the present form of the pleading.
In the interest of justice the court permits plaintiff to replead the complaint in compliance with this decision.
If plaintiff cannot meet the requirement of RICO "pattern” of continuity and relationship as expounded by the Supreme Court in the H. J. Inc. case (supra), plaintiff is relegated to a common-law fraud action. The enactment of RICO by Congress was not intended to federalize nor to preempt all State common-law fraud actions.
The court rejects defendants’ contention that plaintiff’s complaint should be dismissed as being barred by the Statute of Limitations, as being premature. The Statute of Limitations in a civil RICO action is four years regardless of the predicate offense involved, and the statute begins to run when plaintiff discovers or should have discovered the injury. (Agency Holding Corp. v Malley-Duff & Assocs., 483 US 143; Bankers Trust Co. v Rhoades, 859 F2d 1096 [2d Cir 1988].) The court cannot determine at this time when plaintiff discovered or should have discovered the alleged injury.
The court also rejects defendants’ contention that plaintiff’s complaint should be dismissed because plaintiff’s allegation of a scheme to achieve a single discrete objective does not in and of itself create a threat of ongoing activity as required by RICO citing Condict v Condict (826 F2d 923 [10th Cir], supra). The Supreme Court in H. J. Inc. (supra) has rejected the Circuit Court’s holding that RICO requires proof of multiple illegal schemes, and held that a single fraudulent scheme is *247 sufficient to satisfy RICO so long as the requirement of RICO "pattern” is met.
Based on the foregoing, defendants’ motion is granted only to the extent of permitting plaintiff to replead her complaint within 20 days after service of a copy of this order with notice of entry. Defendants shall have 20 days from service of plaintiffs second amended complaint to serve an amended answer.